# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF FOR HABEAS AND SECTION 2255 CASES

**No.** 15-7637,   US v. Samuel Braxton
              8:12-cr-00086-RWT-2, 8:14-cv-03679-RWT

## 1. Jurisdiction
A. Name of court from which you are appealing: Fourth Circuit Court of Appeals
B. Date(s) of order or orders you are appealing: August 11, 2015

## 2. Timeliness of notice of appeal (for prisoners)
Exact date on which notice of appeal was placed in institution's internal mailing system for mailing to District Court: N/Available

## 3. Certificate of Appealability
Did the district court grant a certificate of appealability?   Yes [ ] No [x]
If Yes, do you want the Court of Appeals to review additional issues that were not certified for review by the district court?   Yes [ ] No [ ]   N/A
If Yes, **you must** list below the issues you wish to add to the certificate of appealability issued by the district court. If you do not list additional issues, the Court will limit its review to those issues on which the district court granted the certificate.

## 4. Issues on Appeal
Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider on appeal. You must include any issue you wish the Court to consider, regardless of whether the district court granted a certificate of appealability as to that issue. You may cite case law, but citations are not required.

**Issue 1.** It's Petitioner's contention that the District Court abused its discretion when it denied his motion to vacate based on ineffective assistance of counsel.
**Supporting Facts and Argument.** It's Petitioner's contention that the District Court abused in discretion where it denied his ineffective assistance claim on a faulty premise. The Fourth Circuit has held that a district court abuses its discretion when

it makes an error of law or applies an incorrect legal standard. See
In response to Petitioner's claim that trial counsel rendered
ineffective assistance for failing to challenge his designation
as a career offender based on his prior District of Columbia
conviction for attempted distribution of cocaine, the lower
Court in denying relief stated the following: "Petitioner alleges
that a prior District of Columbia conviction, see attachmenant,

**Issue 2.** N/A

**Supporting Facts and Argument.** N/A

**Issue 3.** N/A

**Supporting Facts and Argument.** N/A

**Issue 4.** N/A

**Supporting Facts and Argument** N/A

ATTACHMENT-ISSUE ONE

for attempted distribution of cocaine was erroneously used as a predicate controlled substance offense because he could have received less than one year of incarceration as a first time offender under § 48-904.01(a)(1)(2)(B), which states that an offense involving '1/2 pounds of less of marijuana' commited by a first time offender is punishable for not more than 180 days. This provision is completely irrelevant to Petitioner's offense which involved cocaine distribution, not marijuana, and was punishable by more than 30 years. Petitioner conviction for attempted distribution of cocaine was punishable by more than a year imprisonment. See Id. Accordingly, Petitioner was properly designated a career offender and counsel was not ineffective for challenging the resulting enhancement."

The lower Court clearly used the wrong analysis in determining whether the charge for which he convicted qualify as a controlled substance offense for career offender purposes. First, the Court failed to factor in or address the fact that the D.C Court of Appeals has held that "in any attempt case involving a purported illegal drug, what <u>Seeney</u> teaches us is that the government is required to prove the identity of the substance in question." See <u>Thompson v. United States</u>, 678 A.2d 24 (D.C 1996). And second, in <u>Taylor v. United States</u>, 495 U.S 575, 600 (1990) the Supreme Court directed the Court to look only to the statutory definition of the prior offense and not the particular facts underlying those convictions. And further, the Supreme Court has held in <u>Johnson v. United States</u>, 559 U.S 133, 137 (2010), that federal courts are bound by state court's interpretation of state law including its determination of the elements, which in the case of attempted distribution, does not require any particular substance to be proven. So being such that drug type doesn't have to be proven in attempted possession with intent to distribute cases, how could the lower Court conclude that Petitioner was not convicted of the lowest part of the staute, unless, however, it violated <u>Taylor's admonition</u> and looked to the underlying facts.

Because it's clear that the lower court abused its discretion by basing its determination on improper facts, ignoring the above stated authorities, Petitioner respectfully requests that this Court vacate the lower court's judgment, because it ignored relevant authorities on how it suppose to determine whether Petitioner's attempted distribution charge constituted a controlled substance offense punishable by more than one year.

5. **Relief Requested**
**Identify the precise action you want the Court of Appeals to take:** Petitioner request that his sentence be vacated as he is not a career offender

6. **Prior appeals (for appellants/petitioners only)**
A. Have you filed other cases in this Court? Yes [X] No [ ]
B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each? United States v. Samuel Braxton, Appeal No. 13-4277, Affirmed.

_/s/ Samuel Braxton_
Signature
[Notarization Not Required]

Samuel Braxton
[Please Print Your Name Here]

## CERTIFICATE OF SERVICE
************************

I certify that on 11-16-15 I served a copy of this Informal Brief on all parties, addressed as shown below:

_/s/ Samuel Braxton_
Signature

Assistant U.S Attorney
Christen Sproule
600 Cherrywood Lane,
Greenbelt, Md 20770

**NO STAPLES, TAPE OR BINDING PLEASE**

From:
Federal Correctional Institution 2
P.O. Box 1500
Butner, NC 27509

⇨14783-016⇦
Us Court Of Appeals / Clerks Office
1100 E MAIN ST
Richmond, VA 23219
United States